## RICHARDS v. ANGELL.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

RELEASE—CONSTRUCTION.
> Defendant was liable as surety on an indebtedness of the estate of his wife to plaintiff, which was evidenced by three notes. Defendant claimed that the notes had been released under an agreement by which the parties settled several notes in dispute; but this release contained the provision that it did not embrace the claim of plaintiff against defendant as executor of his deceased wife, or that against defendant as guarantor of such claim, and defendant admitted in his testimony that it was understood that the release should not include claims arising out of the estate of his wife. *Held*, that the evidence was sufficient that the notes were not settled by the release.

Appeal from judgment on report of referee.

Action by Albertus Richards against Cyrus D. Angell to recover on three promissory notes. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

William H. Henderson, for appellant.

G. G. Record, for respondent.

MACOMBER, J. The complaint is upon 3 promissory notes, of $500 each, executed by the defendant to the plaintiff's order, each bearing date October 1, 1886, and payable, respectively, at 3, 6, and 9 months after date. The sole defense is payment or settlement. The defendant

was liable as surety upon a certain indebtedness of the estate of Lucina A. Angell, the wife of the defendant, in the sum of $1,938.71, as of February 6, 1879, the date of the writing of the defendant's guaranty. The notes were given for a balance due and unpaid from the estate of Lucina A. Angell.   The plaintiff, at the time of receiving these three notes, executed a paper to the defendant, acknowledging the receipt of these notes, containing, among other things, the following clause:

"I hereby agree, if said notes are paid at maturity, that they shall be in full settlement of the above claim against the estate of L. A. Angell.
      [Signed]                                                   "A. Richards."

The defense is that by an agreement executed March 6, 1890, between the plaintiff and the defendant, and through the fulfillment of the terms of that agreement by the defendant, the notes in suit were fully settled and discharged.   But the last-named agreement contained this provision, also:

"This agreement does not embrace claim that said Richards may have against said executor of" etc., "Mrs. L. A. Angell, deceased, or claim against said Angell, as guarantor of said claim against said estate."

Upon these reservations in the agreement of March 6, 1890, and the testimony in support of it, and in explanation of it, the learned referee has reached the conclusion that the notes in suit were not settled by that agreement.   We think an examination of the whole of the testimony of the defendant himself fortifies the conclusion reached by the learned referee, for it admits that it was understood that the release should be so drawn as not to include any of the claims arising out of the estate of Lucina A. Angell.   There was at this time a litigation between these parties over certain notes and claims which the plaintiff had against the defendant, but such controversy did not pertain to these three notes, which were given in payment and discharge of the indebtedness of the estate of Lucina A. Angell to the plaintiff.   The consideration of the notes was an actual indebtedness of the defendant, as a guarantor of the claim made against the estate of his deceased wife,—an obligation which he had assumed to pay on the 6th day of February, 1879.   These notes represent the evidence of an indebtedness of the defendant as a guarantor of the plaintiff's claim against the estate of Mrs. Angell, and the only fairly inferable fact to be derived from the writing of March 6, 1890, is that the parties intended to, and did in fact, exempt them from the operation of that contract.   It follows that the judgment appealed from should be affirmed.   All concur.